UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| THE HALL AT THE YARD, LLC | Case No. 8:23-bk-250 |
| Debtor._____ / | *Emergency Hearing Requested* |

**DEBTOR'S EMERGENCY MOTION FOR**
**AUTHORITY TO USE CASH COLLATERAL**

> **STATEMENT OF RELIEF REQUESTED**
>
> **The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with a proposed budget which will be filed with the Court in advance of the hearing. The Debtor believes that the lenders, as described below, may assert perfected security interests in cash collateral. As adequate protection, the Debtor proposes to grant the lenders replacement liens to the same extent, validity, and priority as existed as of the Petition Date.**

THE HALL AT THE YARD, LLC, as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the use of cash collateral (the "**Cash Collateral**") and, in support thereof, the Debtor respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought herein are §§ 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On January 24, 2023 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

4. The Debtor continues to operate as a debtor-in-possession. For more information on the Debtor and the reasons for the bankruptcy filing, please see the Case Management Summary.

5. By separate motion, the Debtor is seeking authority to obtain postpetition financing on a priming basis in an amount up to $100,000, with $58,000 being funded on an interim basis.

**Summary of Prepetition Secured Indebtedness**

6. The Debtor's secured obligations are comprised of (a) Newtek Small Business Finance, LLC ("**Newtek**"); (b) merchant cash advance ("**MCA**") lenders (identified below); (c) Kabbage, Inc. ("**Kabbage**"); (d) and Ivanhoe Place Propco, LLC ("**Ivanhoe**").

7. Newtek is owed approximately $4,200,000.00 based on a loan made to the Debtor in January of 2020 and guaranteed by the Small Business Administration. Newtek may assert a lien on the Debtor's accounts receivable.

8. Kabbage is owed approximately $359,000.00 based on a PPP loan made to the Debtor, which is likely unsecured.

9. Ivanhoe is the landlord which asserts a security interest in the Debtor's furniture, fixtures, and equipment.

10. With respect to MCA lenders, the Debtor believes that the following creditors may assert liens on and security interests in accounts receivable:

| Creditor | Approximate Balance as of Petition Date |
|---|---:|
| The Avanza Group, LLC | 135,000.00 |
| Cobalt Funding Solutions | 150,000.00 |
| Delta Bridge Funding, LLC, servicer for CloudFund | 181,055.00 |
| Green Capital Funding, LLC | 44,000.00 |
| G and G Funding Group, LLC | Undetermined |
| Premium Merchant Funding 26, LLC | 50,000.00 |
| Reef Funding Group | 44,000.00 |
| Vivian Capital Group, LLC | 150,000.00 |
| World Global Fund | 50,000.00 |
| Zahav Asset Management, LLC | 97,000.00 |

11. Accordingly, the MCA lenders and Newtek may assert an interest in Cash Collateral, as that term is defined in Section 363(a) of the Bankruptcy Code.

## Relief Requested and Grounds for Relief

10. The Debtor intends to use Cash Collateral to pay operating expenses and the costs of administering this Chapter 11 case.

11. The Debtor respectfully requests the entry of an interim order in the form attached hereto as **Exhibit A** authorizing the use of Cash Collateral, in accordance with the budget to be filed in advance of the hearing, to fund its operating expenses and the costs of administering this Chapter 11 case to avoid immediate and irreparable harm to the estate pending a final hearing and the entry of a final order. Specifically, the Debtor intends to use Cash Collateral for:

    a. Payroll;

    b. Insurance;

    c. Purchase of necessary inventory;

    d. Payment of utilities;

4893-4506-6572, v. 3

      e.      Other payments necessary to sustain continued business operations;

      f.      Care, maintenance, and preservation of the Debtor's assets; and

      g.      Costs of administration in this Chapter 11 case.

Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay pre-petition obligations.

12. The Debtor request authorization to use Cash Collateral immediately to fund operating expenses necessary to continue the operation of its business, to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

13. There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure to be held before the Debtor must use Cash Collateral. If this motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of its assets. To continue the business activities in an effort to achieve a successful reorganization, the Debtor must use Cash Collateral in the ordinary course of business. The inability of the Debtor to meet their ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact the value of the lenders' collateral. Indeed, it is in the best interest of the lenders that the Debtor use Cash Collateral, if such usage will preserve the value of the collateral.

14. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than

4

the estate have an interest." 11 U.S.C. § 363(a). Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use Cash Collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the court that the secured creditor's interest in the cash collateral is adequately protected).

15. In exchange for the Debtor's ability to use Cash Collateral in the operation of its business, the Debtor proposes to grant to the lenders, as adequate protection, replacement liens to the same extent, validity, and priority as existed on the Petition Date. In other words, the Debtor proposes that the lenders' "floating" liens on such assets continue to "float" to the same extent, validity, and priority as existed on the Petition Date, notwithstanding Section 552 of the Bankruptcy Code. The Debtor asserts that the interests of the lenders will be adequately protected by the replacement liens.

16. If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern value. Otherwise, the Debtor's business operations will cease, and the assets will have only liquidation value.

17. The motion is without prejudice to the rights of the Debtor or any other party to contest the extent, validity and/or priority of the lenders' asserted liens.

WHEREFORE, the Debtor respectfully request that this Court: (1) enter an interim order granting the motion and authorizing the interim use of Cash Collateral; (2) schedule a preliminary hearing on the motion on or before January 26, 2023; (3) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (4) providing for such other and further relief as may be just and proper.

*/s/ Edward J. Peterson*
Edward J. Peterson (FBN 0014612)
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, FL  33602
Telephone: (813) 229-0144
Email:  epeterson@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Authority to Use Cash Collateral* has been furnished on this 24th day of January, 2023, by either the Court's CM/ECF System or by U.S. mail to all creditors on the Court's mailing matrix and by either U.S. mail, email, or facsimile to:

Newtek Small Business Finance, LLC
c/o Eliot Kirshnitz, Sr. Counsel
1981 Marcus Ave., #130
New Hyde Park NY 11042
ekirshnitz@newtekone.com

Newtek Small Business Finance, LLC
c/o Corporation Service Company
1201 Hays St.
Tallahassee, FL  32301-2525

Ivanhoe Place Propco, LLC
Attn:  Chaney Gordy, Jr., Manager
101 S. Eola Dr., #1215

Orlando FL 32801

CT Corporation System, as Repr.
330 N. Brand Blvd., #700
Attn: SPRS
Glendale, CA 91203
Delta Bridge Funding, LLC, as servicer
for CloudFund, LLC
2875 NE 191st St., #500
Miami, FL 33180
Email:  legal@deltabridgefunding.com

Kabbage, Inc.
Attn:  Kim Withrow, Esq.
925B Peachtree St. NE, #383
Atlanta GA 30309
bankruptcy@kservicecorp.com

U.S. Small Business Administration
7825 Baymeadows Way, Suite 100-B
Jacksonville, FL 32256
Fax:  1.904.443.1916

Attorney General of the United States
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

United States Attorney
Attn:  Civil Process Clerk
400 N. Tampa St., #3200
Tampa FL 33602

The Avanza Group, LLC
14 Knorr Ave.
Seymour CT 06488

The Avanza Group, LLC
Attn:  Frank Scarso, CEO
47 Craig Ave.
Staten Island, NY  10307
Telephone:  212.457.1573

Cobalt Funding Solutions
99 Wall St., #3618
New York NY 10005
support@cobaltfunding.com

G and G Funding Group, LLC
Attn: Anthony Gandolfo, Managing Partner
57 W. 57th St., Floor 4
New York NY 10019

G and G Funding Group, LLC
25-03 Borden Ave.
Long Island City, NY 11101

Green Capital Funding, LLC
Attn: Sal Hodzic, CEO
53 Mason St.
Greenwich CT 06830
Fax: 203.518.4944

Premium Merchant Funding 26, LLC
Attn: Adela Bejko, Fund Manager
55 Water St., Floor 50
New York NY 10004
Fax: 646.780.8724

Reef Funding Group
c/o Novac Equities, LLC
Attn: Jake Damelio, Registered Agent
25 SW 9th St., #202
Miami FL 33130

Vivian Capital Group, LLC
Attn: Moe Shor, Managing Partner
486 Market St.
Newark NJ 07105
info@viviancapital.com

World Global Fund
20807 Biscayne Blvd., #203
Miami FL 33180

Zahav Asset Management, LLC
234 Cedarhurst Ave., Apt 21B
Cedarhurst, NY 11516
newdeals@zahavassetmgmt.com
ashley@boostcapitalgroup.com

*/s/ Edward J. Peterson*
Edward J. Peterson

8

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:23-bk-00250<br>Middle District of Florida<br>Tampa<br>Tue Jan 24 12:59:32 EST 2023 | The Hall at the Yard, LLC<br>13518 Westshire Dr.<br>Tampa, FL 33618-2500 | A-Head for Profits FL<br>240 great Circle Rd., #344<br>Nashville, TN 37228-1721 |
| Attorney General of the United States<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0001 | Avanza Group, LLC<br>14 Knorr Ave.<br>Seymour, CT 06483-2645 | Avanza Group, LLC<br>47 Craig Ave.<br>Staten Island, NY 10307-1328 |
| BBK Janitorial Services, LLC<br>Guillermo Pesant, Esq.<br>1313 Ponce de Leon Blvd., #301<br>Miami, FL 33134-3343 | CB Hospitality Ventures, LLC<br>11510 Joshuas Bend Dr.<br>Tampa, FL 33612-5071 | CT Corporatiom System, as representative<br>330 N. Brand Blvd., #700<br>Attn:  SPRS<br>Glendale, CA 91203-2336 |
| City Wide Facility Solutions-Orlando<br>c/o Commercial Collection Corp.<br>P.O. Box 288<br>Tonawanda, NY 14151-0288 | Cobalt Funding Solutions<br>99 Wall St., #3618<br>New York, NY 10005-4301 | Delta Bridge Funding, LLC, as servicer<br>for CloudFund, LLC<br>400 Rella Blvd., #165-101<br>Suffern, NY 10901-4241 |
| Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 | Felicity Property Co.<br>1320 Magazine St., #201<br>New Orleans, LA 70130-4267 | G and G Funding Group, LLC<br>57 W. 57th St., Floor 4<br>New York, NY 10019-2827 |
| Green Capital Funding, LLC<br>116 Nassau St., #804<br>New York, NY 10038-2481 | Green Capital Funding, LLC<br>53 Mason St.<br>Greenwich, CT 06830-5434 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Ivanhoe Place Propco, LLC<br>c/o Real Estate Inverlad Development LLC<br>101 S. Eola Dr., #1215<br>Orlando, FL 32801-6612 | Kabbage, Inc.<br>Attn:  Kim Withrow, Esq.<br>925B Peachtree St. NE, #383<br>Atlanta, GA 30309-3918 | Leaf Capital Funding, LLC<br>2005 Market St., 14th Floor<br>Philadelphia, PA 19103-7009 |
| Max Recovery Group, LLC<br>55 Broadway, 3rd Floor<br>New York, NY 10006-3757 | Modulo, LLC<br>1704 W North A St<br>Tampa, FL 33606-1634 | Modulo, LLC<br>2405 E. 8th Ave.<br>Tampa, FL 33605-4046 |
| Newgenteck<br>5555 W. Waters Ave.<br>Tampa, FL 33634-1230 | Newtek Small Business Finance, LLC<br>1981 Marcus Ave., #130<br>New Hyde Park, NY 11042-1046 | Newtek Small Business Finance, LLC<br>4800 T-Rex Ave., #120<br>Boca Raton, FL 33431-4479 |
| Novac Equities, LLC<br>25 SW 9th St., #202<br>Miami, FL 33130-3892 | Premium Merchant Funding 26, LLC<br>55 Water St., Floor 50<br>New York, NY 10041-3203 | Reef Funding Group<br>c/o Novac Equities, LLC<br>1100 Brickell Bay Dr.<br>Miami, FL 33131-3539 |

```
Sysco Corporation                    U.S. Attorney                         U.S. Small Business Administration
1390 Enclave Parkway                 Attn: Civil Process Clerk             2 North St., #320
Houston, TX 77077-2099               400 N. Tampa St., #3200               Birmingham, AL 35203
                                     Tampa, FL 33602-4774


Vivian Capital Group, LLC            WebBank                               World Global Fund
486 Market St.                       215 S. State St., #1000               20807 Biscayne Blvd., #203
Newark, NJ 07105-2916                Salt Lake City, UT 84111-2336         Miami, FL 33180-1410


Zahav Asset Management, LLC          Zahav Asset Management, LLC           United States Trustee - TPA +
234 Cedarhurst Ave., Apt 21B         420 Central Ave.                      Timberlake Annex, Suite 1200
Cedarhurst, NY 11516-1608            Cedarhurst, NY 11516-1000             501 E Polk Street
                                                                           Tampa, FL 33602-3949


Edward J. Peterson III +
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4718
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Note: Entries with a '+' at the end of the        End of Label Matrix
name have an email address on file in CMECF          Mailable recipients   39
--------------------------------------------         Bypassed recipients    1
Note: Entries with a '-' at the end of the           Total                 40
name have filed a claim in this case
```

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11, Subchapter V

THE HALL AT THE YARD, LLC                  Case No. 8:23-bk-250

    Debtor.
_____/

**ORDER GRANTING DEBTOR' EMERGENCY MOTION FOR
AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS**

THIS CASE came before the Court for hearing on January ____, 2023, at _____ (the "**Hearing**") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. \*\*) (the "**Motion**")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) all known secured creditors of the Debtor, including Newtek and the MCA lenders, and (iii) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

Court considered the Motion, together with the record and the argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____. (the "**Continued Hearing**").

3. The Debtor is authorized, through the date of the Continued Hearing, to use Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, and proceeds from business operations in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**"). Notwithstanding the foregoing, subject to the provisions of paragraph ten of this Order, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

4. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to Newtek and the MCA lenders pursuant to the terms and conditions of this Interim Order. As adequate protection with respect to Newtek's and

the MCA lenders' interests in the Cash Collateral, Newtek and the MCA lenders are granted a replacement lien in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity and priority that they held as of the Petition Date.

5. The Debtor is entitled to collect money from parties owing money to the Debtor and no creditor or party in interest shall interfere with the Debtor's collection actions.

6. The Debtor shall maintain insurance coverage for the collateral in accordance with the obligations under the loan and security documents.

7. Any party with an asserted interest in the collateral shall be entitled to request reasonable reporting from the Debtor regarding the collateral. The Debtor shall be afforded a reasonable time to respond to such requests.

8. This Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on any property of the Debtor or the estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

9. This Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

10. This Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

4873-9890-9516, v. 1

4

11. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

12. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

*Attorney Edward J. Peterson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*

# **<u>EXHIBIT A</u>**