UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                Chapter 11, Subchapter V

THE HALL AT THE YARD, LLC                             Case No. 8:23-bk-250

      Debtor.

_____/               *Emergency Hearing Requested*

### DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO PAY PREPETITION WAGES, SALARIES, AND OTHER EMPLOYEE BENEFITS

THE HALL AT THE YARD, LLC, as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the payment of prepetition wages and other employee benefits to employees and, in support thereof, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

### Background

2.      On January 24, 2023 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

3.      The Debtor continues to operate as a debtor-in-possessions. For more information on the Debtor and the reasons for the bankruptcy filing, please see the Case Management Summary.

**Relief Requested**

2.      On the Petition Date, the Debtor had eighty (80) employees  (the "**Employees**").

3.      The Debtor seeks authorization to pay all prepetition Employee related obligations including, but not limited to, wages, salaries, compensation, employee benefits, 401(k) contributions, and reimbursable business expenses.

4.      As of the Petition Date, the Employees were owed, or had accrued in their favor, various sums for wages, salaries, compensation, employee benefits, 401(k) contributions, and reimbursable business expenses (the "**Prepetition Obligations**") for the prepetition time period of January 8, 2023 through January 22, 2023, payment of which is due on January 27, 2023 (the "**Prepetition Period**").  The Debtor's gross obligations to the Employees for the Prepetition Period is approximately $70,000.00.

5.      All Employees which the Debtor are seeking to pay remain employed by the Debtor.

**Grounds for Relief**

6.      It is well-settled that a bankruptcy court may authorize the payment of prepetition obligations where necessary to facilitate a reorganization.  Payment of prepetition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay prepetition obligations posed a real and significant threat to a debtor's reorganization. *See Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . .[crucial]

2

business relations"); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (payment of claims of creditors authorized under the "necessity of payment" doctrine); *In the Matter of Penn Central Transport*, 467 F.2d 100, 102, n. 1 (3d Cir. 1972) (bankruptcy court has authority to sanction payment of claims under the "necessity of payment" doctrine for service essential to the debtor's business); and *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (approving payment of certain prepetition wage, salary, medical benefit and business expense claims justified under the necessity of payment of doctrine).

7.      The statutory basis for the "necessity of payment" doctrine appears in §105(a) of the Bankruptcy Code, which provides, in pertinent part:

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. §105(a).

8.      The Bankruptcy Code prohibits paying prepetition claims without specific court authorization.  However, every employee is entitled to a priority claim of up to $15,150.00 for compensation earned in the one hundred eighty (180) day period preceding the Petition Date. The Prepetition Obligations are under the priority cap set forth above.

9.      Retaining the Employees is critical to the successful operation and reorganization of the Debtor's business as the Debtor would not be able to replace these Employees without a significant disruption in its business.   In short, these Employees are vital to the Debtor's continued success.

10.     Each of the Employees performed necessary and valuable services for the Debtor prior to the Petition Date and performed those services with the expectation that wage, and wage-related commitments would be honored.  The failure to honor the obligations to Employees is

likely to lower morale and cause concern among the Employees regarding the Debtor's intentions to honor its ongoing obligations. The Debtor cannot afford to lose the support of its Employees at a time when the Debtor must operate more efficiently and meet more administrative burdens than before.

11.     In addition, the Employees depend upon their salaries to meet their basic living expenses, particularly given the current economic climate. Their families would suffer serious financial difficulties if the relief requested is not granted.

12.     Because payment of the Prepetition Obligations is absolutely crucial to the preservation and protection of the Debtor's business and, ultimately, to its successful reorganization under Chapter 11, this Court may order such payment under the "necessity of payment" doctrine and Section 105(a) of the Bankruptcy Code. Indeed, there is ample precedent for authorizing such payments. *See, e.g.*, *Ionosphere Clubs, Inc.,* 98 B.R. at 174.

13.     Pursuant to § 346(f) of the Bankruptcy Code, the Debtor proposes to withhold or cause to be withheld from any payment to Employees those amounts required to be withheld under applicable federal, state or local tax law, and will pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. Further, the Debtor requests that it be permitted to pay all costs and make all deductions incident to the Prepetition Obligations.

14.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim that arose before the Petition Date within twenty-one (21) days after the filing of the petition if the relief is necessary to avoid immediate and irreparable harm.

4874-0496-7756, v. 1

15.     The Employees are integral to the Debtor's business operations.  Failure to satisfy obligations with respect to the Employees in the ordinary course of business during the first twenty-one (21) days of this case will jeopardize loyalty and trust. The Employees will leave, thereby causing serious disruption to the Debtor's business operations during this critical period when the Debtor needs the continued support of the Employees to allow for a successful reorganization.

16.     Moreover, the vast majority of the Employees rely exclusively on their compensation, benefits and reimbursement of their expenses to continue to pay their daily living expenses.  These Employees will be exposed to significant financial difficulties if the Debtor is not permitted to pay the Employees in the ordinary course of business. Accordingly, the Debtor submits that they have satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Prepetition Obligations.

17.     The Debtor further seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this motion; authorizing the Debtor to pay the Prepetition Obligations set forth above; authorizing the Debtor to withhold from the Prepetition Obligations those amounts required to be withheld under applicable federal, state or local tax law, and pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law; authorizing the Debtor to pay all costs and make all deductions incident to the Prepetition

5

Obligations, including but not limited to payroll processing costs; and providing such other and further relief as is just and proper.

/s/ Edward J. Peterson
Edward J. Peterson
Florida Bar No. 0014612
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone: (813) 229-0144
Email:  epeterson@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Authorization to Pay Prepetition Wages, Salaries, and Other Employee Benefits* has been furnished on this 24th day of January, 2023, by either the Court's CM/ECF System or by U.S. mail to all creditors on the Court's matrix and by either U.S. mail, email, or facsimile to:

Newtek Small Business Finance, LLC
c/o Eliot Kirshnitz, Sr. Counsel
1981 Marcus Ave., #130
New Hyde Park NY 11042
ekirshnitz@newtekone.com

Newtek Small Business Finance, LLC
c/o Corporation Service Company
1201 Hays St.
Tallahassee, FL  32301-2525

Ivanhoe Place Propco, LLC
Attn:  Chaney Gordy, Jr., Manager
101 S. Eola Dr., #1215
Orlando FL 32801

CT Corporation System, as Repr.
330 N. Brand Blvd., #700
Attn: SPRS
Glendale, CA 91203
Delta Bridge Funding, LLC, as servicer

for CloudFund, LLC
2875 NE 191st St., #500
Miami, FL 33180
Email:  legal@deltabridgefunding.com

Kabbage, Inc.
Attn:  Kim Withrow, Esq.
925B Peachtree St. NE, #383
Atlanta GA 30309
bankruptcy@kservicecorp.com

U.S. Small Business Administration
7825 Baymeadows Way, Suite 100-B
Jacksonville, FL 32256
Fax:  1.904.443.1916

Attorney General of the United States
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

United States Attorney
Attn:  Civil Process Clerk
400 N. Tampa St., #3200
Tampa FL 33602

The Avanza Group, LLC
14 Knorr Ave.
Seymour CT 06488

The Avanza Group, LLC
Attn:  Frank Scarso, CEO
47 Craig Ave.
Staten Island, NY  10307
Telephone:  212.457.1573

Cobalt Funding Solutions
99 Wall St., #3618
New York NY 10005
support@cobaltfunding.com

G and G Funding Group, LLC
Attn:  Anthony Gandolfo, Managing Partner
57 W. 57th St., Floor 4
New York NY 10019

G and G Funding Group, LLC
25-03 Borden Ave.
Long Island City, NY  11101

Green Capital Funding, LLC
Attn:  Sal Hodzic, CEO
53 Mason St.
Greenwich CT 06830
Fax:  203.518.4944

Premium Merchant Funding 26, LLC
Attn:  Adela Bejko, Fund Manager
55 Water St., Floor 50
New York NY 10004
Fax:  646.780.8724

Reef Funding Group
c/o Novac Equities, LLC
Attn:  Jake Damelio, Registered Agent
25 SW 9th St., #202
Miami FL 33130

Vivian Capital Group, LLC
Attn:  Moe Shor, Managing Partner
486 Market St.
Newark NJ 07105
info@viviancapital.com

World Global Fund
20807 Biscayne Blvd., #203
Miami FL 33180

Zahav Asset Management, LLC
234 Cedarhurst Ave., Apt 21B
Cedarhurst, NY 11516
newdeals@zahavassetmgmt.com
ashley@boostcapitalgroup.com

/s/ Edward J. Peterson
Edward J. Peterson

Label Matrix for local noticing
113A-8
Case 8:23-bk-00250
Middle District of Florida
Tampa
Tue Jan 24 12:59:32 EST 2023

The Hall at the Yard, LLC
13518 Westshire Dr.
Tampa, FL 33618-2500

A-Head for Profits FL
240 great Circle Rd., #344
Nashville, TN 37228-1721

Attorney General of the United States
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

Avanza Group, LLC
14 Knorr Ave.
Seymour, CT 06483-2645

Avanza Group, LLC
47 Craig Ave.
Staten Island, NY 10307-1328

BBK Janitorial Services, LLC
Guillermo Pesant, Esq.
1313 Ponce de Leon Blvd., #301
Miami, FL 33134-3343

CB Hospitality Ventures, LLC
11510 Joshuas Bend Dr.
Tampa, FL 33612-5071

CT Corporatiom System, as representative
330 N. Brand Blvd., #700
Attn: SPRS
Glendale, CA 91203-2336

City Wide Facility Solutions-Orlando
c/o Commercial Collection Corp.
P.O. Box 288
Tonawanda, NY 14151-0288

Cobalt Funding Solutions
99 Wall St., #3618
New York, NY 10005-4301

Delta Bridge Funding, LLC, as servicer
for CloudFund, LLC
400 Rella Blvd., #165-101
Suffern, NY 10901-4241

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Felicity Property Co.
1320 Magazine St., #201
New Orleans, LA 70130-4267

G and G Funding Group, LLC
57 W. 57th St., Floor 4
New York, NY 10019-2827

Green Capital Funding, LLC
116 Nassau St., #804
New York, NY 10038-2481

Green Capital Funding, LLC
53 Mason St.
Greenwich, CT 06830-5434

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Ivanhoe Place Propco, LLC
c/o Real Estate Inverlad Development LLC
101 S. Eola Dr., #1215
Orlando, FL 32801-6612

Kabbage, Inc.
Attn: Kim Withrow, Esq.
925B Peachtree St. NE, #383
Atlanta, GA 30309-3918

Leaf Capital Funding, LLC
2005 Market St., 14th Floor
Philadelphia, PA 19103-7009

Max Recovery Group, LLC
55 Broadway, 3rd Floor
New York, NY 10006-3757

Modulo, LLC
1704 W North A St
Tampa, FL 33606-1634

Modulo, LLC
2405 E. 8th Ave.
Tampa, FL 33605-4046

Newgenteck
5555 W. Waters Ave.
Tampa, FL 33634-1230

Newtek Small Business Finance, LLC
1981 Marcus Ave., #130
New Hyde Park, NY 11042-1046

Newtek Small Business Finance, LLC
4800 T-Rex Ave., #120
Boca Raton, FL 33431-4479

Novac Equities, LLC
25 SW 9th St., #202
Miami, FL 33130-3892

Premium Merchant Funding 26, LLC
55 Water St., Floor 50
New York, NY 10041-3203

Reef Funding Group
c/o Novac Equities, LLC
1100 Brickell Bay Dr.
Miami, FL 33131-3539

Sysco Corporation
1390 Enclave Parkway
Houston, TX 77077-2099

U.S. Attorney
Attn: Civil Process Clerk
400 N. Tampa St., #3200
Tampa, FL 33602-4774

U.S. Small Business Administration
2 North St., #320
Birmingham, AL 35203


Vivian Capital Group, LLC
486 Market St.
Newark, NJ 07105-2916

WebBank
215 S. State St., #1000
Salt Lake City, UT 84111-2336

World Global Fund
20807 Biscayne Blvd., #203
Miami, FL 33180-1410


Zahav Asset Management, LLC
234 Cedarhurst Ave., Apt 21B
Cedarhurst, NY 11516-1608

Zahav Asset Management, LLC
420 Central Ave.
Cedarhurst, NY 11516-1000

United States Trustee - TPA +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949


Edward J. Peterson III +
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4718


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
---------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients     39
Bypassed recipients      1
Total                   40