ORDERED.

Dated:  March 27, 2023

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11, Subchapter V

THE HALL AT THE YARD, LLC                          Case No. 8:23-bk-250-CPM

    Debtor.
_____/

### ORDER GRANTING DEBTOR' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON A FINAL BASIS

THIS CASE came before the Court for a continued hearing on March 2, 2023, at 11:00 a.m. (the **Hearing**") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. 8) (the "**Motion**")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) all known secured creditors of the Debtor, including Newtek and the MCA lenders, and (iii) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

Court considered the Motion, together with the record and the argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on a final basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on a final basis.

3. The Debtor is authorized to use Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, and proceeds from business operations in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**"). Notwithstanding the foregoing, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

4. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to Newtek and the MCA lenders pursuant to the terms and conditions of this Final Order. As adequate protection with respect to Newtek's and the MCA lenders' interests in the Cash Collateral, Newtek and the MCA lenders are granted a replacement lien in and upon all of the categories and types of collateral in which they held a

security interest and lien as of the Petition Date to the same extent, validity and priority that they held as of the Petition Date. Additionally, the Debtor shall pay Newtek the amount of $25,000.00 per month by the 30th day of each month[2] until further Court order.

5. In the event of a payment default under the terms of this Order, Newtek may file a motion to seek to terminate the Debtor's use of cash collateral with the Court on an expedited basis setting forth specific facts establishing that: (a) the default occurred, (b) Newtek provided the Debtor and Debtor's counsel with ten (10) business days' notice of the default; and (c) the Debtor failed to cure the default within the ten (10) business day cure period ("**Default Motion**"). Upon the filing of a Default Motion, the Court will schedule an expedited hearing. All parties reserve their rights with respect to such hearing.

6. The Debtor is entitled to collect money from parties owing money to the Debtor. No creditor or party in interest shall interfere with the Debtor's collection actions, including, but not limited to, authorizing, directing, collecting, or accepting any funds from credit card processor(s), initiating any charge(s) on any charge card(s) or account(s) of the Debtor, and/or withdrawing funds from any account(s) of the Debtor. If a creditor or third party has collected or received money owed to the Debtor, such creditor or third party shall immediately remit such funds directly to the Debtor.

7. The Debtor shall maintain insurance coverage for the collateral in accordance with the obligations under the loan and security documents.

8. Any party with an asserted interest in the collateral shall be entitled to request reasonable reporting from the Debtor regarding the collateral. The Debtor shall be afforded a reasonable time to respond to such requests.

---

[2] In the event that the 30th day of the month falls on a weekend or holiday, then payment would be due to following business day.

9. This Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on any property of the Debtor or the estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

10. This Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

11. This Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

12. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

13. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

14. The Debtor shall provide parties in interest with a renewed budget no later than three (3) days prior to the end of the current Budget.

*Attorney Edward J. Peterson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*

### Week Seven Projections (03.06-03.12)

Financial Statements in U.S. Dollars

| Revenue | Budget |
|---|---|
| Gross Sales | $160,000.00 |
| Less: Sales Returns and Allowances | |
| **Net Sales** | |

| Expenses | |
|---|---|
| Sales Tax | $ 6,609.00 |
| COG- Fintech | $ 5,720.00 |
| Sysco | $ 7,800.00 |
| Kitchens Sales Receipts | $ 48,142.00 |
| Payroll Direct Deposit | $ 57,000.00 |
| Employer Taxes & Payroll Checks | $ 20,400.00 |
| Cintas | |
| Rent | |
| Cleaning | $ 1,841.00 |
| Bartender Credit Card Tips | $ 6,000.00 |
| Insurance | |
| Utilites | |
| Cable Internet Phone | |
| Sub V Trustee Fees | |
| SBA Intrest | |
| Professional Fees | |
| Storage | $ 263.95 |
| Bank Fees | |
| Equipment lease | |
| DIP Account Funding | |
| Repairs | |
| | |
| | |
| | |
| | |
| **Total Expenses** | $153,775.95 |
| | |
| **Net Operating Income** | $ 6,224.05 |

### Week Eight Projections (03.13-03.19)

Financial Statements in U.S. Dollars

| Revenue | Budget |
|---|---|
| Gross Sales | $160,000.00 |
| Less: Sales Returns and Allowances | |
| **Net Sales** | |

| Expenses | |
|---|---|
| Sales Tax | $ 6,619.00 |
| COG- Fintech | $ 8,220.00 |
| Sysco | $ 7,800.00 |
| Kitchens Sales Receipts | $ 48,142.00 |
| Payroll Direct Deposit | |
| Employer Taxes & Payroll Checks | |
| Cintas | |
| Rent | |
| Cleaning | $ 1,841.00 |
| Bartender Credit Card Tips | $ 6,000.00 |
| Insurance | |
| Utilites | $ 9,000.00 |
| Cable Internet Phone | $ 612.00 |
| Sub V Trustee Fees | |
| SBA Intrest | $ 25,000.00 |
| Professional Fees | |
| Storage | $ 1,500.00 |
| Bank Fees | |
| Equipment lease | $ 2,622.00 |
| DIP Account Funding | |
| Repairs | |
| | |
| | |
| | |
| | |
| **Total Expenses** | $117,356.00 |
| | |
| **Net Operating Income** | $ 42,644.00 |

### Week Nine Projections (03.20-03.26)

Financial Statements in U.S. Dollars

| Revenue | Budget |
|---|---|
| Gross Sales | $160,000.00 |
| Less: Sales Returns and Allowances | |
| **Net Sales** | |

| Expenses | |
|---|---|
| Sales Tax | $ 6,619.00 |
| COG- Fintech | $ 5,720.00 |
| Sysco | $ 7,800.00 |
| Kitchens Sales Receipts | $ 48,142.00 |
| Payroll Direct Deposit | $ 57,000.00 |
| Employer Taxes & Payroll Checks | $ 20,400.00 |
| Cintas | $ 7,000.00 |
| Rent | |
| Cleaning | $ 1,841.00 |
| Bartender Credit Card Tips | $ 6,000.00 |
| Insurance | |
| Utilites | |
| Cable Internet Phone | $ 889.00 |
| Sub V Trustee Fees | $ 1,000.00 |
| SBA Intrest | |
| Professional Fees | |
| Storage | |
| Bank Fees | |
| Equipment lease | $ 714.00 |
| DIP Account Funding | |
| Repairs | |
| | |
| | |
| | |
| | |
| **Total Expenses** | $163,125.00 |
| | |
| **Net Operating Income** | $ (3,125.00) |

### Week Ten Projections (03.27-04.02)

Financial Statements in U.S. Dollars

| Revenue | Budget |
|---|---|
| Gross Sales | $160,000.00 |
| Less: Sales Returns and Allowances | |
| **Net Sales** | |

| Expenses | |
|---|---|
| Sales Tax | $ 6,619.00 |
| COG- Fintech | $ 8,220.00 |
| Sysco | $ 7,800.00 |
| Kitchens Sales Receipts | $ 48,142.00 |
| Payroll Direct Deposit | |
| Employer Taxes & Payroll Checks | |
| Cintas | |
| Rent | $ 51,000.00 |
| Cleaning | $ 1,841.00 |
| Bartender Credit Card Tips | $ 6,000.00 |
| Insurance | $ 4,300.00 |
| Utilites | |
| Cable Internet Phone | $ 3,000.00 |
| Sub V Trustee Fees | $ 1,000.00 |
| SBA Intrest | |
| Professional Fees | |
| Storage | |
| Bank Fees | $ 491.20 |
| Equipment lease | |
| DIP Account Funding | |
| Repairs | |
| | |
| | |
| | |
| | |
| **Total Expenses** | $138,413.20 |
| | |
| **Net Operating Income** | $ 21,586.80 |

## Exhibit "A"