UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

THE HALL AT THE YARD, LLC                    Case No. 8:23-bk-250-CPM
                                             Chapter 11, Subchapter V
　　　　Debtor.
_____/

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY EDWARD J. PETERSON AND JOHNSON POPE BOKOR RUPPEL & BURNS, LLP AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF MARCH 8, 2023**

Debtor, THE HALL AT THE YARD, LLC, by and through its undersigned attorney, hereby files this Application for Authority to Employ Edward J. Peterson and Johnson Pope Bokor Ruppel & Burns, LLP as Counsel for the Debtor Effective as of March 8, 2023, and states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 327(a), 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On January 24, 2023 (the "Petition Date"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

4. On January 27, 2023, Stichter, Riedel, Blain & Postler, P.A. ("Stichter Riedel") filed its Application for Authorization to Employ Stichter Riedel as Counsel for Debtor Effective as of the Petition Date (Doc. No. 28) ("Stichter Riedel Application").

5. On February 17, 2023, the Court entered an Order Approving the Stichter Riedel Application (Doc. No. 53).

6. At the time the Stichter Riedel Application was filed, attorney Edward J. Peterson was employed by Stichter Riedel and represented the Debtor in this case.

7. On March 8, 2023, Mr. Peterson became employed with the law firm of Johnson Pope Bokor Ruppel & Burns, LLP ("Johnson Pope").

8. As previously disclosed in the Stichter Riedel Application, Stichter Riedel received the aggregate sum of $31,738.00 on account of prepetition services and as a retainer for postpetition services paid from Debtor's funds. The retainer was to be applied first to prepetition services (including costs) and the balance was to reduce Stichter Riedel's application for postpetition fees and costs.

9. After crediting amounts due for prepetition services and costs incurred, Stichter Riedel held approximately $14,948.78 for post-petition services ("Post-Petition Retainer").

10. On March 22, 2023, Stichter Riedel filed its Final Application for Compensation (Doc. No. 68) seeking approval of compensation in the amount of $24,515.00 for fees and $887.54 for expenses, for a total award of $25,402.54 for professional fees and expenses incurred from the Petition Date through March 8, 2023, the date Mr. Peterson joined Johnson Pope. After the application of the Post-Petition Retainer, Stichter Riedel will be owed the balance of $10,453.84 by the Debtor.

11. On March 23, 2023, Stichter Riedel filed its Motion to Withdraw as Counsel for

Debtor (Doc. No. 70) ("Motion to Withdraw").

## Relief Requested

12. Through this Application, the Debtor seeks authority to employ Edward J. Peterson and Johnson Pope Bokor Ruppel & Burns, LLP ("Johnson Pope"), effective as of March 8, 2023.

13. The attorneys at Johnson Pope are duly admitted to practice in this Court.

14. The Debtor has selected Johnson Pope because they have considerable experience in bankruptcy-related matters and believes that Johnson Pope is well qualified to represent the Debtor in this proceeding.

15. The professional services Johnson Pope will render are as follows:

    a. to give the Debtor legal advice with respect to its duties and obligations as Debtor in Possession or "DIP";
    b. to take necessary steps to analyze and pursue any avoidance actions, if in the best interest of the estate;
    c. to prepare on behalf of the Debtor the necessary motions, notices, pleadings, petitions, answers, orders, reports and other legal papers required in this Chapter 11 case;
    d. to assist the Debtor in taking all legally appropriate steps to effectuate compliance with the Bankruptcy Code; and
    e. to perform all other legal services for the Debtor which may be necessary herein including closings of sales of the Debtor's real property assets.

16. To the best of the Debtor's knowledge, Johnson Pope has no connection with the Debtor, any creditor or any other party in interest or their respective attorneys, except as described herein.

17. Based on the foregoing, Johnson Pope is disinterested and does not hold or represent an interest adverse to the estate or the Debtors as required by 11 U.S.C. Section 327.

18. Section 327(a) states in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an

interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

In turn, a "disinterested person" is defined under Section 101(14) as a person that "(A) is not a creditor …. and (C) "does not have an interest materially adverse to the interest of the estate or of any class of creditors…by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, of for any other reason."

19. The phrase "interest materially adverse to the estate" is not defined by the Bankruptcy Code. Courts have defined the term as "holding or representing an interest adverse to the estate as possessing, or serving as an attorney for a person possessing, either an 'economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant ... or ... a predisposition under the circumstances that render such a bias against the estate." *In re Prince,* 40 F. 3d 356, 361 (11th Cir. 1994) (internal citations omitted).

20. Johnson Pope has fully disclosed all connections and its former representation of the Debtor.

21. Debtor desires to employ Johnson Pope under a general retainer on an hourly basis because of the extensive legal services to be rendered. Mr. Peterson currently charges $450 per hour.

22. Johnson Pope represents no interest adverse to the Debtor or to the estate in the matter upon which it is to be engaged by the Debtor, and its employment would be in the best interest of the estate.

WHEREFORE, Debtor respectfully requests that it be authorized to employ and appoint Johnson Pope under a general retainer to represent the Debtor in this case and all related proceedings under Chapter 11 of the Bankruptcy Code effective as of March 8, 2023 and for such

other and further relief as is just.

DATED April 10, 2023.                THE HALL AT THE YARD, LLC

_____
Jamal Wilson, President

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Application to Employ Attorney has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the Office of the **U.S. States Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602 to all registered CM/ECF participants in this case on April 10, 2023.

*/s/ Edward J. Peterson*
Edward J. Peterson (FBN 014612)
Johnson Pope Bokor Ruppel & Burns, LLP
401 E Jackson Street, Ste. 3100
Tampa, Florida 33602
Telephone: (813) 225-2500
Email: epeterson@jpfirm.com
Attorneys for Debtor