UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

THE HALL AT THE YARD, LLC                  Case No. 8:23-bk-250-CPM
                                                                               Chapter 11, Subchapter V

        Debtor.
_____/

**DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS
OF SECURED CREDITORS' LIENS AND ENCUMBRANCES AND FOR
RULING THAT NEWTEK IS NOT ENTITLED TO FURTHER
<u>ADEQUATE PROTECTION PAYMENTS</u>**

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Avenue, Room 555, Tampa, Florida 33602 [and, if the moving party is not represented by an attorney, mail a copy to the moving party at (address)] within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

       THE HALL AT THE YARD, LLC, debtor-in-possession ("**Debtor**"), by and through its undersigned counsel and pursuant to the provision of Section 363 and 105 of the Bankruptcy Code, hereby files this Motion to Value and Determine Secured Status of Secured Creditors' Liens and Encumbrances Pursuant to 11 U.S.C. § 506 and for Ruling that Newtek is Not Entitled to Further Adequate Protection Payments ("**Motion**"), and respectfully states as follows:

**Background**

1. On January 24, 2023 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under the Bankruptcy Code and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

2. Since the Petition Date, the Debtor has continued to operate its business and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Basis for Motion**

3. The Debtor is indebted to Ivanhoe Place Propco, LLC ("**Ivanhoe**") in the amount of approximately $121,000.00 in connection with a lease agreement. Ivanhoe recorded a UCC1 financing statement encumbering the Debtor's furniture, fixtures, machinery, and equipment ("**FF&E**"), including liquor inventory ("**Inventory**").

4. The Debtor is also indebted to Newtek Small Business Finance, LLC ("**Newtek**") in connection with a small business loan in the approximate amount of $4,200,000.00 encumbering the Debtor's FF&E, including Inventory. Newtek recorded a UCC1 financing statement.

5. Pursuant to a recent appraisal, the FF&E encumbered by Ivanhoe and Newtek has an aggregate value of approximately $97,450.00. The Debtor estimates that the value of the Inventory is approximately $18,000.00. The combined value of the FF&E and Inventory is approximately $115,450.00.

6. Additionally, Leaf Capital Funding, LLC ("**Leaf**") is owed approximately $25,556.51 which indebtedness is secured by forty (40) Mars low profile air curtains ("**Air Curtains**"). Leaf recorded a UCC1 financing statement. Pursuant to a recent appraisal, the Air Curtains encumbered by Leaf is valued at approximately $10,000.00.

7. Lastly, WebBank is owed approximately $260,556.88 which indebtedness encumbers a Toast POS system, terminal, printers, screens ("**POS System**"). WebBank recorded a UCC1 financing statement. Pursuant to a recent appraisal, the POS System encumbered by WebBank is valued at approximately $3,500.00.

8. The Debtor believes that the aggregate value of its FF&E, Air Curtains, POS System, and Inventory (collectively, "**Personal Property**") which is encumbering the liens of Ivanhoe, Newtek, Leaf, and WebBank (collectively, the "**Secured Creditors**") is $128,950.00 pursuant to the Debtor's estimate of the Inventory and a recent appraisal of the FF&E ("**Appraisal**") conducted by Ewald Auctions, Inc. A copy of the Appraisal is attached hereto as Exhibit "A" and by reference incorporated herein.

9. The Debtor asserts that the claims of Secured Creditors are undersecured.

10. The Debtor believes that the Secured Creditors, if they have allowed claims, are undersecured, and are therefore not entitled to claim post-petition interest or post-petition attorney's fees.

11. Post-petition, the Debtor has paid $50,000.00 to Newtek. It is the Debtor's position that Newtek is not entitled to further adequate protection payments. At best, Newtek has a secured claim of only $63,450.00.

12. The Debtor has brought this Motion pursuant to 11 U.S.C. § 506(a)(1) for the purposed of requesting this Court to determine the secured status of the secured claims of the Secured Creditors for distribution through the Debtor's Chapter 11 Plan of Reorganization (the "Plan"). It is in the best interest of the Debtor, its estate, creditors, to have the Debtor's assets valued and the amount and status of the secured claims of the Secured Creditors determined for such purpose.

13. The Secured Creditors are undersecured and only entitled to a secured claim to the extent of the value of the Secured Creditor's interest, if any, in the Debtor's assets under section 506 of the Bankruptcy Code. The Debtor seeks valuation of its Personal Property and a determination of the secured status of the Secured Creditors in order to determine (a) the value of the Debtor's Personal Property to be $128,950.00; (b) if the Secured Creditors have claims against the Debtor's estate, and if so, to what extent; (c) whether a portion of the Secured Creditors' claims, if allowed, is undersecured or unsecured; and (d) that any allowed secured claim does not exceed the value of the Debtor's assets.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (a) granting this Motion to Value Pursuant to 11 U.S.C. Section 506; (b) determining the secured status of the secured claims of the Secured Creditors with respect to the Debtor's Personal Property; (c) determining the value of the Personal Property to be $128,950.00; (d) determining that the Secured Creditors have undersecured claims with respect the Debtor's assets; (e) determining that Newtek is not entitled to further adequate protection payments; and (f) granting such other and further relief as is just and proper.

[CERTIFICATE OF SERVICE APPEARS ON THE FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Motion to Value and Determine Secured Status** has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the **Office of the U.S. States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; **Ruediger Mueller, Subchapter V Trustee,** 1112 Watson Court, Reunion, FL 34747; **James A. Timko, Esq., counsel for Ivanhoe Place Propco, LLC,** 300 S. Orange Ave., Ste. 1600, Orlando, FL, 32801; **Howard Toland, counsel for Newtek Small Business Finance, LLC**, 1200 Weston Rd., Weston, FL 33326; **Emanuel & Zwiebel, PLLC, counsel for Leaf Capital Funding, LLC,** 7900 Peters Rd., Building B, Ste. 100, Plantation, FL 33324-4045; **WebBank,** 215 S. State. St., Suite 1000, Salt Lake City, UT 84111-2336; **WebBank, c/o Registered Agent, Corporation Service Company,** 1201 Hays Street, Tallahassee, FL 32301; **WebBank, c/o President,** 215 South State Street, Suite 1000, Salt Lake City, UT 84111; **The Hall at the Yard, LLC,** 13518 Westshire Dr., Tampa, FL 33618 on April 18, 2023.

                                                JOHNSON POPE BOKOR
                                                 RUPPEL & BURNS, LLP

                                                /s/ Edward J. Peterson
                                                Edward J. Peterson (FBN 014612)
                                                401 E Jackson Street, Ste. 3100
                                                Tampa, Florida 33602
                                                Telephone: (813) 225-2500
                                                Email: epeterson@jpfirm.com
                                                Attorneys for Debtor