ORDERED.

Dated: May 26, 2023

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No.: 8:23-bk-00250-CPM |
| THE HALL AT THE YARD, LLC, | Chapter 11 |
| Debtor. _____/ | |

**AGREED ORDER GRANTING ADEQUATE PROTECTION TO LEAF CAPITAL FUNDING, LLC, AND DENYING RELIEF FROM AUTOMATIC STAY**

THIS PROCEEDING having come before the Court on May 18, 2023, upon the Verified Motion for Relief from Automatic Stay, or in the Alternative, for Adequate Protection, (Doc. 110) filed by Creditor, LEAF CAPITAL FUNDING, LLC ("LEAF"). By submission of this Order for entry, the submitting counsel represents that the opposing party consents to its entry. The Court having reviewed the Motion and being otherwise duly advised and noting the agreement with respect to the form of this order with the Debtor, and in the premises, it is:

Accordingly, it is **ORDERED**:

1. LEAF's Motion for Relief from the Automatic Stay is denied, without prejudice, and granted as to Adequate Protection.

2. LEAF holds a first priority, perfected security interest, with no defenses, counterclaims, or rights to setoff in the following:

**Forty (40) Air Curtain 48" unheated 115/1**

(hereinafter, collectively, the "Collateral")

3. By agreement of the parties, the value of the Collateral is $10,000.00.

4. That as a condition of this Court's denying LEAF's Motion for Relief from the Automatic Stay, Debtor, THE HALL AT THE YARD, LLC ("DEBTOR"), shall comply with all the terms and conditions of this Order.

5. By agreement of the parties, LEAF shall have a secured claim in the amount of $10,000.00, and an unsecured claim in the amount of $15,556.21. DEBTOR shall pay LEAF on its secured claim in the amount of $10,000.00 over 60 months at 9% interest, by making monthly payments of $207.58 commencing May 25, 2023, and continuing on the 25th day of each and every consecutive month thereafter. The DEBTOR agrees that these terms shall be incorporated into the terms of its Plan of Reorganization and LEAF agrees to fully support and vote for the Plan as long as it provides for the treatment and provisions set forth herein (and the unsecured class is treated consistent with the Bankruptcy Code). The payments shall be applied to the loan balance based on the treatment set forth in this paragraph five (5).

6. All payments shall be made to LEAF, if not by wire, by mail, or overnight delivery service, or other method acceptable to LEAF so that each payment is received by LEAF on or before its due date. Payments made by mail or overnight delivery shall be made to LEAF Capital Funding, LLC, Attn: Lana Leor, 2005 Market Street, 14th Floor, Philadelphia, PA 19103.

7. All sales tax and personal property tax, and other taxes associated with the Collateral shall be paid by DEBTOR and shall be the full responsibility of the DEBTOR, and shall be paid in a timely manner.

8. The DEBTOR shall continue to maintain insurance coverage as required by the by the subject contracts and documents associated therewith. LEAF shall be named as a "loss payee" to the extent of its interest in the Collateral and as an "additional insured" on any such policy and shall be provided with any and all notices under the insurance policy(ies). The DEBTOR shall provide proof of said insurance within ten (10) days of the date of this Order.

9. The DEBTOR shall keep the Collateral in good and reasonable condition and shall perform regular maintenance on same in accordance with commercially reasonable maintenance standards for such equipment as required by the loan documents. LEAF shall be provided access to inspect the Collateral upon ten (10) days telephonic notice to DEBTOR.

10. That DEBTOR shall strictly comply with the terms of this Order. Prior to confirmation, if DEBTOR fails to strictly comply with the terms of this Order ("default"), Creditor, LEAF, shall send email notification of the default to DEBTOR's counsel, Edward J. Peterson, III, Esq., at edwardp@jpfirm.com giving the DEBTOR five (5) days to cure the default. That should the DEBTOR fail to cure the default within five (5) days of the said email notification (and upon the filing of an affidavit of default, declaration or verification), LEAF shall be entitled to an expedited hearing subject to the Court's calendar for the Court to consider lifting the automatic stay.

Regardless of the circumstances, if relief from stay is granted, the automatic stay imposed by 11 U.S.C. §362 shall terminate as to LEAF's Collateral to allow LEAF to obtain possession of and dispose of its Collateral; to exercise all its rights at law or equity or otherwise granted to it by

state and/or federal law; and to exercise all rights and remedies pursuant to the subject Finance Agreement, including, but not limited to, serving all notices required to preserve any deficiency claim. The Order granting stay relief from stay shall further (i) direct the Debtor to immediately turn-over the Collateral to LEAF and fully cooperate with LEAF'S recovery thereof, including, but not limited to, providing LEAF complete access to the Collateral and cooperating with scheduling recovery; and (ii) provide that the provisions of Bankruptcy Rule 4001(a)(3) are waived, so that the Order will be effective immediately upon signature of the Court.

11. Upon confirmation of a Plan of Reorganization ("Plan"), the automatic stay shall terminate as to Creditor and its Collateral; and the Plan and subject Finance Agreement shall control with regards to any default under the Plan, including Creditors rights and remedies. Furthermore, in the event that the case is dismissed or converted to a case under Chapter 7, then all payments shall be applied to the debt in accordance with the terms set forth in the Finance Agreement; any alterations to the terms and conditions of the Finance Agreement as set forth in this Order shall be null and void; and LEAF shall be entitled to exercise any or all of its rights and remedies against the Collateral and/or the DEBTOR without notice to the DEBTOR or further order of this Court.

12. Nothing in this Order shall constitute a waiver of any right of LEAF against, or a cure of any default by, any guarantor under his or her obligations or guaranties under any financing transactions described in this Order or the corresponding Motion, including the said Finance Agreement. Notwithstanding any provision herein, all guarantees shall remain in full force and effect and shall be unaffected by this Order.

13. Except as expressly modified herein, all provisions of the Finance Agreement shall remain unchanged and in full force and effect.

14. This Order shall not prejudice the rights of the DEBTOR or LEAF to petition the Bankruptcy Court for additional relief in the event of changed circumstances.

Attorney Eric B. Zwiebel, Esq., is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of the entry of the order.