**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:                                                                 Case No. 8:23-bk-00250-CPM
                                                                              Chapter 11

The Hall at the Yard, LLC,

    Debtor.
_____/

**UNITED STATES TRUSTEE**
**MOTION TO DISMISS CHAPTER 11 CASE OR, IN THE**
**ALTERNATIVE, MOTION TO CONVERT CASE TO CHAPTER 7**

    Mary Ida Townson, the United States Trustee for Region 21, through the undersigned counsel, requests that the Court enter an order dismissing or converting the case to chapter 7, pursuant to 11 U.S.C. § 1112(b), whichever is in the best interest of creditors. The Debtor has defaulted under its confirmed Plan of Reorganization and is no longer operating. In support of the motion, the United States Trustee states:

    1.    On January 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

    2.    On January 24, 2023, the United States Trustee appointed Dr. Ruediger Mueller as the subchapter V Trustee.

    3.    On July 11, 2023, the Court entered an order confirming Debtor's Plan of Reorganization. (Doc. Nos. 107, 150 & 160).

    4.    According to correspondence provided by the Debtor's landlord's attorney to the Subchapter V trustee, the Debtor has failed to pay its arrearages and ongoing rent in the total amount of $202,196.87 from October 2023 through March 11, 2024. *See* attached Exhibit 1. Additionally, the Debtor has allowed its insurance coverage to lapse. *See* attached Exhibit 2.

5. Additionally, the Subchapter V trustee received communications that employees were not timely paid, owed back wages, and vendors were unpaid. Claims have been filed with the Department of Labor regarding these back wages by the Debtor's employees.

6. On April 8, 2024, the Subchapter V trustee requested documents from the Debtor, through counsel, to investigate these allegations. The Subchapter V trustee did not receive any documents in response to his request. On April 19, 2024, the Subchapter V trustee was informed by Debtor's counsel that the Debtor had made the decision to cease operations.

7. Although the confirmation order does not specifically provide that the Debtor will file monthly operating reports post-confirmation, the Debtor has done so through January 2024. However, the Debtor has failed to file operating reports for the period of February 1-28, 2024, and March 1-31, 2024.

8. The Debtor is no longer operating and is in default with respect to its confirmed Plan of Reorganization. Consequently, dismissal or conversion is appropriate under 11 U.S.C. § 1112(b)(4)(A), (E), and (N) because of a diminution of the estate, its default with respect to the plan, and failure to comply with the confirmation order.

9. Dismissal or conversion of chapter 11 cases is governed by 11 U.S.C. § 1112(b), which states in relevant part:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court; …
>
> (4) For purposes of this subsection, the term 'cause' includes--
>
>> (A) substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; …
>>
>> (E) failure to comply with an order of the court; …
>>
>> (N) material default by Debtor with respect to a confirmed plan….

10. Stated more clearly, section 1112(b) mandates, with limited exceptions, that the court dismiss or convert a chapter 11 case where any of the acts or omissions listed in section 1112(b)(4), or other cause, exists. Conversion or dismissal pursuant to 11 U.S.C. § 1112(b) is mandatory on three of the specific grounds given as examples in that section.

WHEREFORE, the United States Trustee moves this Court to (1) dismiss or convert this case, whichever is in the best interest of creditors, and (2) grant such other and further relief that

the Court may deem appropriate.

Dated: May 16, 2024.

Respectfully submitted,

**MARY IDA TOWNSON**
**UNITED STATES TRUSTEE**
Region 21

By: /s/ Nicole Peair
Trial Attorney
Office of the United States Trustee
501 E. Polk Street, Suite 1200
Tampa, Florida 33602
(813) 228-2000/ fax: (813) 228-2303
nicole.w.peair@usdoj.gov
Louisiana Bar No. 33477

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing United States Trustee's Motion to Dismiss or Convert Case has been served electronically by CM/ECF transmission and/or by regular United States Mail to the parties listed below on May 17, 2024:

The Hall at the Yard, LLC
13518 Westshire Dr.
Tampa, FL 33618

CM/ECF Service: Edward J. Peterson, III, Debtor's counsel, at edwardp@jpfirm.com.

/s/ Nicole Peair
Trial Attorney