

BRETT R. RENTON
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, FL  32801
DIRECT    (407) 835-6791
EMAIL      BRenton@shutts.com

April 10, 2024

**VIA FEDERAL EXPRESS**
The Hall at The Yard, LLC
1412 Alden Road
Retail Building A
Orlando FL 32803

**VIA FEDERAL EXPRESS**
The Hall at the Yard, LLC
13518 Westshire Drive
Tampa, FL 33618

**VIA FEDERAL EXPRESS**
The Hall at The Yard, LLC
1701 N. Franklin Street
Tampa, FL  33602

## NOTICE OF NON-MONETARY DEFAULT

YOU ARE HEREBY NOTIFIED The Hall at the Yard LLC ("Tenant") is in non-monetary default for failing to obtain and keep in full force and effect insurance required by the Lease for property located at 1412 Alden Road, Orlando Florida 32803, as further defined in the Lease (the "Premises"), which you occupy under a Retail Lease dated January 28, 2019, First Amendment to Lease Agreement dated April 19, 2019, Second Amendment to Lease Agreement dated March 2, 2020, Third Amendment to Lease Agreement dated March 1, 2022 (the "Lease"), between Ivanhoe Place Propco, LLC ("Landlord") and Tenant.

Specifically, section 8.1 of the Lease provides that:

Tenant shall obtain and keep in full force and effect the following insurance coverages: (i) commercial general liability insurance, including contractual liability, on an occurrence basis, on the then most current Insurance Services Office ("ISO") form or its equivalent in the minimum amounts of $1 million per occurrence, $3 million general aggregate, including Designated Location(s) General Aggregate Limit; (ii) Special Causes of Loss form property insurance (ISO CP 10 30 or equivalent in effect in the State in which the Premises are located), in an amount adequate to cover 100% of the replacement costs, without co-insurance, of all of Tenant's personal property and Alterations in the Premises; (iii) workers' compensation insurance and employer's liability insurance as required by law; (iv) business income and extra expense insurance

covering the risks to be insured by the property insurance described above, on an actual loss sustained basis, but in all events in an amount sufficient to prevent Tenant from being a co-insurer of any loss covered under the applicable policy or policies, including income coverage for a minimum 12 month period; (v) plate glass insurance with a deductible of not more than $5,000.00; (vi) if alcoholic beverages are served or sold from the Premises, liquor liability insurance in the amount of $1 million; (vii) commercial automobile liability insurance, on an occurrence basis on the then most current ISO form, including coverage for owned, non-owned, leased, and hired automobiles, in the minimum amount of $1 million combined single limit for bodily injury and property damage; and (viii) excess liability insurance in the minimum amount of $3 million with the same inception date as the underlying policies (including general, auto and employer's liability), and which shall be excess over and no less broad than all coverages described above;. Tenant's insurance shall provide primary and non-contributory coverage to the Landlord Parties when any policy issued to any Landlord Parties provides duplicate or similar coverage, and in such circumstance, Landlord's policy will be excess over Tenant's policy. None of Tenant's policies may have any deductibles, or any self-insured retentions.

Pursuant to Section 37, this insurance requirement is obligated to cover the Outdoor Seating Area as well. Landlord has been advised by Tenant's insurance company that it had terminated Tenant's insurance coverage for the Premises. Demand is hereby made that within **thirty (30) days** from the delivery of this notice to Tenant, Tenant must remedy this non-monetary default or return possession of the Premises to Landlord. Should Tenant fail to do either, Landlord may elect to take whatever actions it deems necessary and proper as allowed by law and the Lease.

The enumerations in this letter of default are not intended as a waiver of any other defaults by Tenant or waiver, including but not limited to Landlord's March 18, 2024 or April 4, 2024 Notice of Monetary Default. You should not construe this letter or any other action or inaction on the part of Landlord as an election of any remedies or as a waiver of any rights, claims, or defenses otherwise available to Landlord, all of which are reserved. Furthermore, our client may elect to resort to one or more of these rights and remedies at any time without further notice to you.

Very Truly Yours,

Shutts & Bowen LLP

*/s/ Brett R. Renton*

Brett R. Renton

Notice of Monetary Default
April 10, 2024
Page 3

cc: Landlord (Via Email)
Edward J. Peterson, III, Esq. (Via Email - edwardp@jpfirm.com)
Kathleen L. DiSanto, Esq., (Via Email - kdisanto@bushross.com
Dr. Ruediger Mueller- (Via Email- trustee@tcmius.com)

WPBDOCS 20957090 1